1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

# DISTRICT OF NEVADA

9
10  DANIEL ROSENTHAL, an individual,

11          Plaintiff,                           Case No. 2:07-CV-1204-KJD-PAL

12  v.                                           **ORDER**

13  TIMOTHY POSTER, an individual; and
    MARCIA HARTMAN, an individual,
14
            Defendants.
15

16          Currently before the Court is Defendant Timothy Poster's ("Poster") Motion to Dismiss

17  (#19).  Plaintiff filed a response in opposition (#21) to which Poster replied (#22).

18  I.  Background
19
20          Plaintiff alleges that on December 3, 2004, Plaintiff loaned Defendant Marcia Hartman

21  ("Hartman") $100,000 in direct reliance on Poster's knowing misrepresentations and omissions

22  concerning Hartman's employment circumstances and ability to repay the loan.  (Pl.'s First Amended

23  Compl. 2:1–3.)  Plaintiff alleges that Poster knew that his representation of Hartman's employment

24  status and financial situation was false and incomplete. (Pl.'s First Amended Compl. 3:13–22,

25  4:10–13.)   Poster allegedly intended to induce Plaintiff to loan Hartman the money, since Hartman
26

owed $200,000 to the Golden Nugget, which Poster co-owned at the time.  (Pl.'s First Amended Compl. 6:5–7.)  Plaintiff asserts that he was damaged in the amount of the money loaned plus interest as a direct result of the reliance on Poster's fraudulent misrepresentations.  (Pl.'s First Amended Compl. 6:11–21.)

To induce reliance, Poster allegedly agreed to provide a candid assessment of Hartman, including prospects for repaying the loan.  (Pl.'s First Amended Compl. 3:9.)  However, Plaintiff asserts that Poster falsely indicated that Hartman's job was secure, and knowingly withheld material facts bearing on Plaintiff's decision to make the loan.  (Pl.'s First Amended Compl. 3:23–4:10.)  Accordingly, Plaintiff filed his Complaint (#1) on September 5, 2007, alleging fraud against Poster, and subsequently joined Hartman in his First Amended Complaint (#14), alleging a separate cause of action for breach of contract against Hartman.

Poster seeks to dismiss Plaintiff's fraudulent misrepresentation cause of action for failure to state a claim under Rule 12(b)(6) and for lack of subject matter jurisdiction.  The Court denies the motion because Plaintiff's factual allegations in support of Count I are sufficient to withstand a motion to dismiss.

## II.  Legal Standard for a Motion to Dismiss

In considering a motion to dismiss for "failure to state a claim upon which relief can be granted" pursuant to Federal Rule of Civil Procedure 12(b)(6), "all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff."  Williams ex. rel. Tabiu v. Gerber Products Co., 523 F.3d 934, 937 (9th Cir. 2008).  Courts look to the face of plaintiff's complaint and not to evidence outside of the pleadings in the assessment.  Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993).  In ruling on a 12(b)(6) motion, the Court must

examine the complaint to determine whether it contains sufficient factual allegations "to raise a right

to relief above the speculative level."  <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007).

However, the Court does not assume the truth of legal conclusions merely because the plaintiff casts

them in the form of factual allegations.  <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139

(9th Cir. 2003).  The issue is not whether plaintiffs will ultimately prevail, but whether they have

properly stated a claim.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

## III.  Analysis

### A.  Statute of Frauds

Poster argues that in essence Plaintiff's claim is for the breach of a guarantee and must be

dismissed under the Statute of Frauds.  Poster allegedly told Plaintiff that he "would make sure

Hartman could repay it," and that he "would otherwise make sure everything was 'okay' with respect

to the loan."  (Pl.'s First Amended Compl. 4:7–9)  The Court agrees that such a statement, without

being reduced to writing, and by itself is not actionable under Statute of Frauds.[1]  However, Poster's

other statements support the claim for fraudulent misrepresentation.

### B.  Fraudulent Misrepresentation

To prove fraudulent misrepresentation, a plaintiff must demonstrate:

> (1) A false representation by the defendant; (2) defendant's knowledge or belief that
> the representation is false or insufficient basis for making representation; (3)
> defendant's intention to induce the plaintiff to act or refrain from acting in reliance
> upon the misrepresentation; (4) plaintiff's justifiable reliance upon the
> misrepresentation; and, (5) damage to the plaintiff resulting from such reliance.

<u>Bulbman, Inc. v. Nev. Bell</u>, 825 P.2d 588, 592 (Nev. 1992).  Poster asserts that failure to voluntarily

---

[1] NRS § 111.220

disclose information does not rise to the level of a misrepresentation.

Omissions generally do not support misrepresentation claims.  See Epperson v. Roloff, 719 P.2d 799, 803 (Nev. 1986).  However, where a party is bound in good faith to disclose information, the suppression or omission of a material fact is "equivalent to a false representation, since it constitutes an indirect representation that such fact does not exist."  Nelson v. Heer, 163 P.3d 420, 426 (Nev. 2007) (false representation element of intentional misrepresentation is indistinguishable with the false representation element of fraudulent misrepresentation); Midwest, 510 P.2d at 878 (citation omitted).  A party is bound in good faith to disclose and to impart correct information, if a party voluntarily responds to an inquiry.  Nev. Nat'l Bank v. Gold Star Meat Co., 514 P.2d 651, 653-54 (Nev. 1973) ("[defendant] was originally under no duty to divulge any information, but once having voluntarily ventured on such a course of action, he was thenceforth required to exercise due care . . . [h]aving assumed this duty [defendant] breached it by failing to state accurately and with full candor").

In the instant matter, Poster had such a duty.  Taking the allegations of the amended complaint as true and construing all inferences in Plaintiff's favor, Poster voluntarily responded to Plaintiff's inquiry by allegedly agreeing to provide the requested information and by meeting Plaintiff at a restaurant to discuss the inquired matter.  Because Poster assumed the duty to be bound in good faith to disclose and impart correct information, the alleged suppression or omission of known facts did rise to the level of a false representation.

Poster further argues that Plaintiff failed to allege that Poster intended to omit information or to fraudulently misrepresent anything.  The law requires a plaintiff to show, *inter alia*, the "defendant's *intent to induce plaintiff to act or refrain from acting in reliance* upon the

4

misrepresentation." <u>Bulbman</u>, 825 P.2d at 592 (emphasis added).  In other words, regardless of a defendant's intent to misrepresent or omit information, as long as the plaintiff shows that the defendant had intended to induce plaintiff's reliance, the element is satisfied. <u>See</u> <u>Nelson</u>, 163 P.3d at 426.

Here, Poster allegedly intended to induce Plaintiff to make the loan in part because Hartman owed Poster's co-owned casino, the Golden Nugget, about $200,000 in gambling debts.  Plaintiff further asserts that during their private meeting, Poster had agreed to provide a candid assessment of Hartman, her employment with the casino, her personal situation and other facts impacting her ability to repay the loan.  Poster allegedly provided information he knew to be untrue and withheld vital facts.  Since Plaintiff pled all the necessary elements of a fraudulent misrepresentation claim, the Court denies the motion to dismiss for failure to state a claim.

## C. Defendant Poster as an Individual

Poster next claims that Plaintiff's Complaint is incorrectly directed at Poster as an individual because all of the allegations occurred in Poster's capacity as owner of the Golden Nugget and employer of Hartman.  Poster argues that because he was acting on behalf of the Golden Nugget within the scope of his employment, the Golden Nugget is an indispensable party and liable for his tortious acts.

Generally, a tortious act committed by a corporate officer, regardless of the fact he was acting on behalf of the corporation, is considered as a personal wrongdoing, holding the officer himself personally liable.  <u>Semenza v. Caughlin Crafted Homes</u>, 901 P.2d 684, 689 (Nev. 1995); Nev. Rev. Stat. Ann.§ 78.138 (West 2007); <u>see also</u> <u>Escude Cruz v. Ortho Pharm. Corp.</u>, 619 F.2d 902, 907 (1st Cir. 1980) ("[a]n officer of a corporation is liable for torts in which he personally participated

whether or not he was acting within scope of his authority; what is required is some showing of direct personal involvement…causally related to plaintiff's injury"). Here, Plaintiff allegedly had a personal relationship with Poster, and privately contacted Poster. Therefore, the Court will not dismiss the claims against Poster in his individual capacity.

Poster also argues that diversity jurisdiction does not exist, because the Golden Nugget is an indispensable party. A party is indispensable if a party's interest is so unavoidably involved in the matter that the court cannot proceed without their joinder. Fed. R. Civ. P. 19. Even if Poster joins the Golden Nugget as a third-party defendant, which he has not yet requested, diversity is not destroyed. Diversity jurisdiction requires complete diversity, meaning that each plaintiff is diverse from each defendant. See 28 U.S.C. § 1332(a)(1) (2005); Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998). Generally, the complete diversity requirement is to be satisfied at the commencement of the action, and once the jurisdiction is established, it is not defeated by later changes or development in the suit unless the subsequently joined party is *both* non-diverse and indispensable. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 82 (2005) (emphasis added). Because Poster has failed to meet his burden in establishing lack of diversity jurisdiction, the Court denies the motion to dismiss on this basis.

///

///

///

///

///

///

6

1

**IV.  Conclusion**

2

      Accordingly, IT IS HEREBY ORDERED that  Defendant Timothy Poster's Motion to

3

Dismiss (#19) is **DENIED**.

4

5

      DATED this 29th day of September 2008.

6

7

8

9

_____

Kent J. Dawson

10

United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26